IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| CORPORATION OF NEWE SOGOBIA, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 130415C |
| | ) | |
| v. | ) | |
| | ) | |
| WASCO COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant. | ) | **DECISION OF DISMISSAL** |

This matter is before the court on Defendant's Motion to Dismiss on the ground that

Plaintiff failed to appeal within the 90 days required by ORS 305.280(1).

The appeal involves Defendant's denial of Plaintiff's application for property tax

exemption for 2012-13 tax year.

The court held a case management hearing by telephone on August 14, 2013, following

the receipt of Defendant's Answer to Plaintiff's Complaint requesting the grant of exemption.

Plaintiff was represented by James Moss (Moss), Chairman.  Defendant was represented by

Darlene Lufkin, an employee with the Wasco County assessor's office.  During the August 14,

2013, hearing, Moss advised the court that he wished to present his response to Defendant's

dismissal request at that time.  Defendant had no objection.  Moss was sworn and presented

testimony responsive to Defendant's request for dismissal.

A review of Plaintiff's materials shows Defendant gave Plaintiff actual notice of its

denial of Plaintiff's exemption application by letter dated May 3, 2012.  That letter was mailed to

the address on Plaintiff's exemption application, which is the address of Plaintiff's

representative.  That is also the address Plaintiff's representative used on the Complaint filed

/ / /

with this court. There is no indication that the letter of denial was returned to Defendant as undeliverable.

Plaintiff did not file its appeal to this court until July 15, 2013, more than one year after the date of Defendant's denial. This interval is longer than the 90 days required by ORS 305.280(1), [1] which states in pertinent part:

> "Except as otherwise provided in this section, an appeal under ORS 305.275 (1) or (2) shall be filed within 90 days after the act, omission, order or determination becomes actually known to the person, but in no event later than one year after the act or omission has occurred[.]"

The 90-day appeal deadline set out in the statute above applies to the date the taxpayer becomes actually aware of the act (in this case Defendant's exemption denial letter). However, as the statute indicates, there is a one year limit from the date of the act, regardless of when the act actually becomes known to the taxpayer.

Plaintiffs' representative Moss was equivocal on the question of when he received Defendant's exemption application denial letter, at one point even implying that perhaps he never received the notice. [2] However, Plaintiff included a copy of that denial letter with the Complaint filed with the court, and Moss testified that he filed the appeal because of the letter. The court finds that the letter from Defendant to Plaintiff informing Plaintiff that its exemption application had been denied was mailed on the date appearing on the letter (May 3, 2012). Accordingly, it is irrelevant when Plaintiff received the letter because the Complaint was not filed within one year of the date of the notice, which is the absolute deadline in ORS 305.280(1).

/ / /

---

[1] All references to the Oregon Revised Statutes (ORS) are to the 2011 edition.

[2] Moss initially testified that did not receive the letter until approximately 30 days after the May 3, 2012, date it was mailed. Later in the hearing, Moss stated that he was not sure Defendant mailed the denial letter on the date appearing on that notice. Moss did not elaborate and no evidence to support the suggestion was presented. Furthermore, the address was confirmed, and the denial letter was not returned to Defendant as undeliverable.

Plaintiff has not presented any fact or argument which prevents the application of this statute. Defendant's Motion to Dismiss is granted. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted. The Complaint is dismissed.

Dated this ____ day of August 2013.


_____
DAN ROBINSON
MAGISTRATE


*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This Decision was signed by Magistrate Dan Robinson on August 15, 2013. The court filed and entered this Decision on August 15, 2013.*